UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD,<br><br>        Plaintiff,<br><br>  v.<br><br>DALE DROZD, et al.,<br><br>        Defendants. | No. 2:13-cv-2071 KJM CKD PS<br><br><u>ORDER</u> and<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.
4        In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
9  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
12 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes,
15 416 U.S. 232, 236 (1974).
16       Plaintiff's 59 page complaint does not does set forth a short and plain statement as
17 required by Federal Rule of Civil Procedure 8.  It is apparent, however, from the allegations of
18 the complaint that plaintiff challenges orders issued by state court judges relating to the custody
19 of plaintiff's daughter.  A federal district court does not have jurisdiction to review errors in state
20 court decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476
21 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district court lacks subject
22 matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the
23 state court's application of various rules and procedures pertaining to the state case."  Samuel v.
24 Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See
25 also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction
26 over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v.
27 Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive
28 defense improper under Rooker-Feldman).  That the federal district court action alleges the state

2

court's action was unconstitutional does not change the rule. Feldman, 460 U.S. at 486. Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-84 & n.16. If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them. Id. "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." Samuel, 980 F. Supp. at 1412-13.

Plaintiff alleges multiple improprieties related to custody proceedings and domestic relation orders. Plaintiff does not raise a general federal challenge to state law. See Branson, 62 F. 3d at 292. Stripped to its essence, this action is one for federal court review of state court proceedings. The court finds the instant action amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions. Accordingly, the court will recommend this action be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.

Plaintiff also names as a defendant a federal magistrate judge. Plaintiff alleges his civil rights were violated by defendant Drozd in connection with issuance of findings and recommendations that plaintiff's complaint be dismissed without leave to amend. See Todd v. Ross, 2:13-cv-1860 LKK DAD PS (E.D. Cal.), ECF No. 4. It is readily apparent that defendant Drozd is immune from liability. "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . . Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). A judge can lose his or her immunity when acting in clear absence of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a judge's authority (which remain absolutely immune) from those

3

acts taken in clear absence of jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.")  The acts plaintiff complains of here were judicial actions taken within the jurisdiction of the federal court.  As such, the complaint against defendant Drozd should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 todd2071.ifp.57